CHARLES ALLING, JR., for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. PENALTIES, § 5*—*when suit for penalty is a civil proceeding.* Where an offense is created by statute and a penalty is fixed for its commission which is to be recovered in an action of debt and not by prosecution, the action is civil and the rules of criminal pleading and procedure do not apply to it.

2. PHYSICIANS AND SURGEONS, § 8*—*nature of proceeding to recover statutory penalty for practicing without a license.* A proceeding under the Act of 1899, relating to the practice of medicine, J. & A. ¶ 7390, to recover a penalty for the offense of practicing medicine without a license, is not a criminal proceeding requiring the offense to be proved beyond a reasonable doubt.

3. PHYSICIANS AND SURGEONS, § 8*—*burden of proof.* In action to recover a penalty for offense of practicing medicine without a license, the burden is upon defendant to prove that he had such a license.

4. APPEAL AND ERROR, § 479*—*when objections to instructions not available.* Objections to instructions not specifically called to the attention of the trial court, not preserved for review.

---

## Oscar D. Olson, Executor, Plaintiff in Error, v. Pennsylvania Company, Defendant in Error.

### Gen. No. 18,517. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed December 4, 1913.

## Statement of the Case.

Action by Oscar D. Olson, executor of the will of George B. Gibson, deceased, against Pennsylvania Company, a corporation, to recover a certain sum de-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

ceased had on deposit in the "Employees' Saving Fund of the Pennsylvania Lines west of Pittsburg." The defense was that said sum was not a part of the estate of the deceased and that it was paid to the mother of the deceased, who was rightfully entitled thereto. From a judgment in favor of defendant, plaintiff brings error.

DAVID G. EINSTEIN, for plaintiff in error.

LOESCH, SCOFIELD & LOESCH, for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*presumption in the absence of a correct statement of facts.* In the absence of a correct statement of the facts appearing upon the trial, it must be presumed that there was sufficient evidence to warrant the finding and judgment.

2. MUNICIPAL COURT OF CHICAGO, § 26*—*when statement of facts insufficient.* A statement of facts reciting that the cause was heard on a stipulation of facts is insufficient where such stipulation is not appended to or in anyway made a part of the statement of facts.

3. APPEAL AND ERROR, § 761*—*when stipulation of facts is not a part of the record.* A stipulation of facts appearing in the transcript of the record as having been filed in the cause is not a part of the record so that it may be considered on review.

---

## N. Mazzarella, Plaintiff in Error, v. Olives Kamberos, Defendant in Error.

### Gen. No. 18,534.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed December 4, 1913.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.